**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY M. THOMPSON and JUSTINA HAISLETT, individually and as Natural Parents of CARL M. THOMPSON and JEFFREY V. THOMPSON, Minors<br><br>Plaintiffs,<br><br>v.<br><br>AMAURY CHINEA and MESTRE TRANSPORT, INC.,<br><br>Defendants. | CIVIL ACTION NO. 3:18-cv-00304<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is Jeffrey M. Thompson's and Justina Haislett's, individually and as Natural Parents of Carl M. Thompson and Jeffrey V. Thompson, minors, (collectively "Plaintiffs") Motion for Entry of Default (Doc. 9) (construed as a Motion for Entry of Default Judgment) against Amaury Chinea ("Chinea") and Mestre Transport, Inc. ("Mestre") (collectively "Defendants").

After a hearing on the Motion, because Plaintiffs have complied with the requirements of Federal Rule of Civil Procedure 55, I have determined the Motion will be granted in favor of Jeffrey M. Thompson ("Thompson") in the amount of $124,884.60; in favor of Justina Haislett ("Haislett") in the amount of $100,000.00; in favor of Carl M. Thompson in the amount of $255,639.12; and in favor of Jeffrey V. Thompson in the amount of $52,703.92.

### **I. BACKGROUND**

Plaintiffs brought this negligence and vicarious liability action against Defendants as a result of a tractor trailer accident on February 17, 2017. (Doc. 1 at ¶11). It has been

alleged that the tractor trailer operated by Chinea forced the Plaintiffs' vehicle off the road causing them to swerve between the truck and the median before striking an embankment causing severe damage to the vehicle and injuries to the occupants, one of which was ejected. (*Id.* at ¶¶ 11-32). Defendant Mestre, a Florida corporation, is alleged to be the employer of Chinea, and as such, is alleged to be vicariously liable for Chinea's negligence. (*Id.* at ¶¶ 4, 7-11).

The complaint was filed on February 7, 2018 (Doc. 1) and service was effected on May 15, 2018. (Docs. 4, 5). The Defendants have failed to respond, file an Answer, or otherwise participate in the action. The Clerk of Court entered a default on October 29, 2018. (Doc. 8). On October 1, 2019, a hearing was conducted on Plaintiffs' Motion for Entry of Default (Doc. 9) (construed as a Motion for Entry of Default Judgment), at which, evidence in the form of testimony of Plaintiffs Jeffrey M. Thompson and Justina Haislett and detailed statements of injuries sustained and medical bills incurred (Plaintiffs' Exhibits 1 - 14) were received. *See Paradise v. Commonwealth Financial Systems, Inc.,* 2013 WL 5638609, at *1 (M.D. Pa. 2013) (construing motion for entry of default judgment as party intended); *U.S. v. $144,650 in U.S. Currency*, 2013 WL 6384646, at *1 (D.N.J. 2013) (same). The Defendants did not appear.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), I may enter a default judgment against a party who has failed to plead or otherwise defend an action. *See Joe Hand Promotions, Inc. v. Michelina Enterprises, Inc.*, 2017 WL 3581674, at *2 (M.D. Pa. 2017). Before ruling on a motion for default judgment, however, I must determine that I have

jurisdiction over the action and that default was properly entered by the Clerk of Court. *Id*. Once determined, I will consider three factors before ultimately entering judgment: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay was due to its own culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Following such finding, I will determine whether, taking all " factual allegations of the complaint except those relating to the amount of damages" as true, whether the prevailing party sufficiently states a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see also Joe Hand Promotions, Inc.*, 2017 WL 3581674, at *2. Moreover, "'when a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded.'" *Barnes v. Mahamadou*, 2015 WL 2070208, at *3 (M.D. Pa. 2015) (quoting *Comdyne I*, 908 F.2d at 1149). Therefore, the default is considered as an admission of the facts alleged, which then requires a plaintiff to "prove that he or she is entitled to the damages sought." *Id*. "'The district court has considerable latitude in determining the amount of damages.'" *Id*. (quoting *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). "'It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plainitiff is lawfully entitled to recover and to give judgment accordingly.'" *Id*. (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

### III. DISCUSSION

**A. Plaintiff is Entitled to a Default Judgment**

I find that the Plaintiffs are entitled to a default judgment. First, the Complaint makes

clear that I have subject matter jurisdiction over this action under 28 U.S.C. § 1332 and that I may exercise personal jurisdiction over Defendants as they purposefully availed themselves of this forum, where the injury occurred. *See Richardson v. Deutsche Bank Trust Co. Americas,* 2008 WL 5225824, at *4 (M.D. Pa. 2008) (discussing the exercise of personal jurisdiction over non-resident parties). Second, the Clerk's entry of default was proper, considering that Defendants were properly served and failed to respond to the complaint or otherwise participate in the action within the timelines set by the Federal Rules.

I further find that the Chamberlain default criteria weigh in favor of the Plaintiffs. The Plaintiffs were involved in this accident nearly three years ago and have no other remedy than against the Defendants. Further, the Defendants' lack of an Answer indicates that there may be no meritorious or litigable defense to the claims presented. Finally, there is no evidence regarding whether or not Defendant's own conduct caused the failure to respond to the complaint. Taken together, the default criteria then weigh in favor of default judgment. *See Joe Hand Promotions, Inc.*, 2017 WL 3581674, at *2.

Taking the allegations as true, that Chinea swerved into the Plaintiffs' car and was working for Mestre in his role as their driver at the time of the accident (*See* Doc. 1 at ¶¶ 11-32), the Plaintiffs successfully contend that Defendant Chinea operated his tractor trailer negligently and that Defendant Mestre, as his employer, was vicariously liable for the Plaintiffs' injuries. *See Allen v.* Fletcher, 2009 WL 1542767, at *3 (M.D. Pa. 2009) (discussing the standard for negligence and vicarious liability in a tractor trailer accident in Pennsylvania); see *also Heinrich v. Davis*, 2018 WL 6737417, at *2 (M.D. Pa. 2018), *report and recommendation adopted*, 2018 WL 6737379 (M.D. Pa. 2018) (entering a default

judgment on a negligence claim involving a motor vehicle accident). Further, the Plaintiffs successfully contend that Thompson and Haislett suffered negligent infliction of emotional distress as they witnessed their son, contemporaneously with the accident, lay seriously injured following ejection from the vehicle. *See* (Doc. 1 at ¶¶ 57-64*)*; *Hanczyc v. Valley Distributing and Storage Co., Inc.*, 2011 WL 1790093, at *4 (M.D. Pa. 2011) (discussing the elements of NIED in Pennsylvania).

**B. Damages**

After review of the testimony offered with regard to injuries and after review of the Plaintiffs' Exhibits, judgment will be entered for the Plaintiffs in the amount of $533,227.64. First, for the out-of-pocket costs associated with the action, for Thompson, his testimony showed that due to injuries sustained from the accident, he lost his job and was out of work for three months. This job paid him $500 per week. Following that period of unemployment, Thompson was employed for six months at an increased rate of $800 per week before then taking multiple jobs, including his current job, which pay $350 per week. Therefore, in the thirty-one months and two weeks since the accident, Thompson was unemployed for three months, employed at a rate of $800 per week for six months, and employed at a rate of $350 per week for twenty-two months and two weeks. Thompson's total earnings from the accident up to trial are then $50,700 while his income would have been $63,000 if not for losing his job from injuries related to the accident. Therefore, Thompson's lost earnings are $12,300. *See Funston v. U.S.*, 513 F.Supp. 1000, 1007-08 (M.D. Pa. 1981) (calculating lost wages from time of accident up until time of trial).

Thompson also claims $9,000 for damage to his vehicle for which he did not receive

repayment for from his insurance company. Further, Thompson has provided receipts for unpaid medical bills in his name, and in the names of Haislett and their sons, Carl M. and Jeffrey V. Thompson, in the amount of $86,927.64. (*See* Plaintiffs Exhibits 1, 4, 6, 8, 9, 11, 12, 14). This amounts to $80,639.12 for Carl M. Thompson, $3,584.60 for Jeffrey M. Thompson, and $2,703.92 for Jeffrey V. Thompson. (*Id*.). All amounts claimed by the Plaintiffs are undisputed, and as such, will be deemed reasonable. *See Heinrich*, 2018 WL 6737417, at *2.

For pain and suffering experienced by the Plaintiffs, extensive testimony by Thompson and Haislett was received at the hearing governing the extent of the physical injuries to the children and the adults as well as the extent of the emotional and psychological trauma the adults suffered and continue to suffer as a result of the accident. This includes testimony about frequent anxiety attacks, nightmares, and flashbacks by the parents as well as months of physical recovery for the children. Considering this undisputed testimony, I will award pain and suffering damages as follows: $100,000 for Jeffrey M. Thompson, $100,000 for Justina Haislett, $175,000 for Carl M. Thompson, and $50,000 for Jeffrey V. Thompson. The total amounts thereby awarded to the Plaintiffs will be $533,227.64

An appropriate order follows**.**

Date: October 4th , 2019 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge